IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RODNEY BETHEA and<br>GENEVA BETHEA, h/w,<br><br>        Plaintiffs,<br><br>v.<br><br>GREG RASH, and<br>HASSAN GREENE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 11-1045-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this 22nd day of July, 2015, having reviewed plaintiff Rodney Bethea's motion for attorney fees and costs (D.I. 128), and the papers filed in connection therewith, the court issues its decision based on the following reasoning:

1. **Introduction.** On March 13, 2015, the jury returned a verdict in favor of Rodney Bethea ("plaintiff") on his excessive force and battery claims against defendant Corporal Greg Rash ("defendant") in the amount of $15,225.00.[1] (D.I. 120) Judgment was entered in favor of plaintiff and against defendant on March 18, 2015. (D.I. 126) Plaintiff timely moved for attorney fees and costs pursuant to 28 U.S.C. § 1920. (D.I. 128) In support of his motion for attorney fees and costs, plaintiff submitted: (1) an itemized billing record for the litigation; (2) affidavits from plaintiff's counsel; and (3) an affidavit from a local attorney specializing in police misconduct cases. (D.I. 128, exs.

---

[1] The jury found in favor of defendant Corporal Hassan Greene and found that Geneva Bethea did not suffer loss of consortium arising from plaintiff's battery. (D.I. 120)

1

D–F; 129; 130) Defendant filed opposition briefs and a supporting affidavit from an attorney specializing in audits of legal billing. (D.I. 133, 134) Plaintiff filed reply briefs with an additional affidavit from a local attorney. (D.I. 137, 138) The court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. **Background.** Plaintiff seeks attorney fees in the amount of $243,315.00, based upon 540.7 hours of work by Brian S. Chacker, Esquire and Michael I. Silverman, Esquire at the rate of $450 per hour. Additionally, plaintiff seeks litigation expenses and costs in the amount of $9,440.37, for a total of $252,755.37.

3. **Standard.** Although litigants are generally responsible for their own attorney fees and costs, Congress has mandated that fee-shifting is appropriate in civil rights actions. Pursuant to 42 U.S.C. § 1988(b), in any action or proceeding to enforce a provision of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[2] The Third Circuit has further concluded that such awards should be made absent special circumstances weighing against such an award. See *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002).

4. The court calculates attorney fees pursuant to the "lodestar" approach. *Brytus v. Spang & Co.*, 203 F.3d 238, 242 (3d Cir. 2000). The lodestar amount results from multiplying the amount of time reasonably expended by reasonable hourly rates. See *id.* The court may exclude from the lodestar calculation unnecessary hours or hours

---

[2] It is undisputed that plaintiff is the prevailing party in this action. See *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 166 (3d Cir. 2002) (when a plaintiff prevails on one claim, the degree of overall success of other claims does not alter his status as a prevailing party).

2

that lack proper documentation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The prevailing community market rates assist the court in determining a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The prevailing party bears the burden of establishing the reasonableness of both the time expended and the hourly rates. *Hensley,* 461 U.S. at 434; *Blum,* 465 U.S. at 895 n.11.

5. Calculation of the lodestar does not end the inquiry. The court may adjust the fee upward or downward. First, the court may exclude from the lodestar calculation hours spent by the prevailing party's counsel on claims that were unrelated to the claim on which the prevailing party succeeded. *See Hensley,* 461 U.S. at 434. Second, the court may also exclude hours not commensurate with the degree of success obtained. *See id.* If a party has achieved only partial or limited success, the lodestar may be an excessive amount. *See id.* at 436. Finally, the party opposing the fee award may challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee. *See Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 715 (3d Cir. 1989). Based on the opposing party's evidence, the court may further adjust the fee.

6. A court may not sua sponte reduce a request for attorney fees. *Bell,* 884 F.2d at 719. However, "the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party." *Id.* at 721. The party who asks for the fees to be adjusted has the burden of proving an adjustment is necessary. *Blum,* 465 U.S. at 898.

7.  District courts may award costs other than attorney fees to the prevailing party pursuant to Fed. R. Civ. P. 54(d).[3] This power is limited by 28 U.S.C. § 1920, which "defines the term 'costs' as used in Rule 54(d) [and] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."[4] *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). As the court's power to award costs is discretionary, § 1920 does not guarantee an award of costs. In the District of Delaware, Local Rule 54.1 "provides guidance to counsel and litigants as to how this Court has chosen, as a general matter, to exercise its discretion with respect to taxation of costs." *Honeywell Int'l, Inc. v. Nokia Corp.*, 2014 WL 2568041, at *5 (D. Del. May 30, 2014). When awarding costs, the court looks first to the requirements set out in Local Rule 54.1. *See id.* If the court finds that application of Local Rule 54.1

---

[3] Fed. R. Civ. P. 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."

[4] 28 U.S.C. § 1920 provides:
    A judge or clerk of any court of the United States may tax as costs the following:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

results in an inequitable award for plaintiff, the court retains the discretion to award costs beyond the limitations of Local Rule 54.1 to the fullest extent permissible under § 1920.[5]

8. **Attorney Fees.** Defendant objects to the amount of fees set forth in plaintiff's motion, requesting that the court substantially reduce the award. In support of his objection, defendant asserts that plaintiff's request suffers from excessive time expenditures, unreasonable rates, and a failure to account for plaintiff's relative success. The court addresses each alleged defect in turn.

9. The prevailing party must establish that the number of hours worked were "reasonably expended." *Hensley*, 461 U.S. at 434 (citing S. Rep. No. 94-1011, at 6 (1976)). The prevailing party's counsel should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See id.* Defendant identifies as duplicative hours that include reviewing letters and filings over the course of the litigation. This work is not unreasonable given that plaintiff retained primary and local counsel and the fact that this work represents less than 1% of the total hours claimed. Likewise, the court finds that 13.8 hours of communication between local counsel and trial counsel during four years of litigation is not unreasonably excessive. The court also agrees with plaintiff that the hours that defendant alleges involve non-legal administrative work relate to reviewing documents filed with the court

---

[5] *See* D. Del. L.R. 1.1(d) ("The application of the Rules in any case or proceeding may be modified by the Court in the interests of justice."); *see also Nokia*, 2014 WL 2568041, at *5 ("[Local Rule 54.1] does not eliminate a judge's obligation to interpret and apply Section 1920 to specific disputes brought before the judge. Each judge retains the discretion to apply [Local Rule] 54.1—like any other rule—as the judge deems fit and in the interests of justice.").

or preparing for court proceedings. As to the task descriptions that defendant alleges lack sufficient specificity,[6] the court is satisfied that plaintiff has supported his request with information "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (internal citations omitted). Therefore, the court finds that plaintiff's counsel expended a reasonable amount of time in connection with this litigation.[7]

10. The court turns next to the reasonableness of the hourly rates billed by counsel for plaintiff. The Third Circuit has endorsed the use of an attorney's usual billing rate as a starting point in the reasonableness inquiry. *Pub. Interest Research Group v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995). These hourly rates represent "the price that [an attorney's] time normally commands in the marketplace for legal services in which those services are offered." *In re Fine Paper Antitrust Litig.*, 751 F.2d 562, 590 (3d Cir. 1984) (citing *Hensley*, 461 U.S. at 447). The court "is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to [it] by particular attorneys." *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 169 (3d Cir. 1973). Plaintiff's counsel billed

---

[6] Defendant takes issue with several labels, including "general trial preparation," "trial preparation," and "plan and prepare for trial." While these task descriptions are less than precise, each of the contested time entries were recorded in the week preceding trial.

[7] When each claim in a case arises from a common set of facts, district courts are instructed to "focus on the significance of the overall relief obtained by the plaintiff" when it is "difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. The court's adjustment of the award to reflect the relative success of the claims pursued adequately addresses defendant's concern that the lodestar includes attorney work pertaining to claims that failed or parties that were dismissed.

time at an hourly rate of $450 per hour. To establish that these rates are reasonable market rates, plaintiff submits affidavits from two local attorneys who aver that the rates charged are reasonable and within the range of prevailing rates in the area. (D.I. 128, ex. F; D.I. 137, ex. A) As a general matter, plaintiff's counsel are experienced attorneys. Although counsel did not achieve success on a substantial majority of the claims pursued in this case, the rates charged by plaintiff's counsel are commensurate with those charged by Wilmington counsel of similar stature in similar matters.[8] Therefore, the court finds that an inference of reasonableness is present in the quality of counsel's legal work, both in general and specific to this matter, as well as counsel's conformity with the hourly rates of the relevant market.

11. Given the court's partial summary judgment against plaintiff and the jury's mixed verdict,[9] the court reduces the hours claimed by 50% to reflect the relative success of plaintiff's claims. *See Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014), *cert. denied sub nom. Montanez v. Chi. Police Officers FICO*, ___ U.S. ___, 135 S. Ct. 459 (2014) (permitting 50% reduction of fees when plaintiff succeeded on two of

---

[8] As plaintiff's trial counsel's practice is located in Philadelphia, the court notes that an "out-of-town lawyer would receive not the hourly rate prescribed by his district but rather the hourly rate prevailing in the forum in which the litigation is lodged." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 704 (3d Cir. 2005) (quoting *Report of the Third Circuit Task Force on Court Awarded Attorney Fees*, 108 F.R.D. 237, 261 (1986)).

[9] Although plaintiff was successful on the excessive force and battery claims at trial, he did not prevail on his claims against defendant for false arrest, malicious prosecution, or false light or on his claim against defendant Corporal Hassan Greene for failure to intervene. Moreover, Geneva Bethea did not prevail on her loss of consortium claim at trial (D.1. 120) and defendants State of Delaware, the Delaware State Police, and Corporal Greg Rash and Corporal Hassan Greene in their official capacities were dismissed pursuant to the court's summary judgment opinion (D.I. 55).

six claims); *Betancourt v. Giuliani*, 325 F. Supp. 2d 330 (S.D.N.Y. 2004) (permitting 90% reduction of fees requested when failed attempt at class certification resulted in a settlement of $15,000 for only one plaintiff). Therefore, the court awards $121,657.50 in attorney fees.

12. **Costs.** Defendant objects to plaintiff's request for $9,440.37 in litigation expenses and costs, alleging that numerous costs are not taxable pursuant to 28 U.S.C. § 1920 and Local Rule 54.1. Local Rule 54.1(b)(3) guides the court's award of the cost of deposition transcripts.[10] "The standard of [Local Rule] 54.1(b)(3) focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on whether the parties' attorneys use the depositions or subjectively view the depositions as important or unimportant." *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009). Plaintiff has not shown that a substantial use was made of any of the deposition transcripts claimed as costs. The transcripts claimed were used to develop general facts of the case, to prepare plaintiff's attorney for cross-examination of defendant's witnesses, or were merely referenced at trial, and none of the transcripts were admitted into evidence.

---

[10] Local Rule 54.1(b)(3) provides:
> The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable only where a substantial portion of the deposition is used in the resolution of a material issue in the case. Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition. Notary fees incurred in connection with taking depositions are taxable.

As to the expert deposition transcripts claimed,[11] plaintiff demonstrated only general use at trial and that copies were provided to the court reporter. Even if some of the transcripts were substantially used at trial, the court notes that plaintiff prevented the court from identifying the appropriate amount to tax by failing to itemize the costs by witness.[12]

13. Local Rule 54.1(b)(4) provides witness fees "even though the witness does not take the stand, provided the witness attends Court." The court grants deposition witness fees for Donnell Shaw ("Shaw"), who was deposed, and trial witness fees for Tanika Young ("Young"), who was present in the courtroom. The court denies trial witness fees for Shaw, who did not appear in court. (D.I. 138 at 8) As to the granted witness fees, the court's award must adhere to the rates set by 28 U.S.C. § 1821. See Crawford, 482 U.S. at 445 ("[F]ederal courts are bound by the limitations set out in 28 U.S.C. § 1821."); D. Del. L.R. 54.1(b)(4) ("The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821."). Accordingly, the granted requests, along with the witness fees defendant does not dispute, will be reduced from the requested amount of $75 per day to reflect the statutory rate of $40 per day. See 28 U.S.C. § 1821(b).

---

[11] The court accepts plaintiff's contention that expert deposition transcripts should be evaluated as litigation expenses rather than as expert costs.

[12] A "prevailing party's failure to support its request with sufficient and specific documentation" is reason alone for the court to refuse to tax certain costs. Nokia, 2014 WL 2568041, at *4.

14. Plaintiff has not shown that the costs claimed for photocopies satisfy the requirements of Local Rule 54.1(b)(5).[13] Given that plaintiff made no attempt to identify which documents were copied to incur this cost, the court declines to exercise its discretion to the full extent of 28 U.S.C. § 1920.[14] Plaintiff also claimed transcription fees for material produced to defendant. While this request similarly fails the requirements of Local Rule 54.1(b)(5), the court exercises its discretion under these circumstances to tax the cost pursuant to the "copying" provision of 28 U.S.C. § 1920. See Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 166 (3d Cir. 2012) (noting that by providing costs for "copies of 'materials,' plainly signifies that § 1920(4)'s allowance for copying costs is not limited to paper copying.").

15. The court denies the costs claimed for deposition transcripts, photocopying, medical records,[15] conference call fees,[16] and the witness fee claimed for Shaw's failure to appear at trial. The court awards the cost claims for the transcription fee of produced documents ($194.00), witness fees for Shaw's deposition appearance and Young's trial

---

[13] Local Rule 54(b)(5) provides, in part: "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable."

[14] "[T]he allowance for fees for 'copies' under § 1920(4) has been relied upon by prevailing parties to recover photocopying costs." Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 166 (3d Cir. 2012) (citations omitted).

[15] These costs are not taxable under 28 U.S.C. § 1920.

[16] These costs are not taxable under 28 U.S.C. § 1920.

10

appearance ($80.00), and the costs that are not in dispute[17] ($785.40). Defendant is taxed for a total of $1,059.40 in costs.

16. **Conclusion.** For the reasons stated above, the court grants plaintiff's motion for fees and costs in part and awards a total of $122,716.90. An appropriate order shall issue.

                                                                                                                            _____
                                                                     United States District Judge

---

[17] The parties did not dispute costs, including certain witness fees, in the amount of $890.40. The court reduces this amount to reflect the proper witness fee rate established by 28 U.S.C. § 1920.